C. L. and Margaret **GRIFFITH** et al.

v.

**UNITED STATES** of America.

Civ. A. Nos. 72–H–1379 and
73–H–1187 to 73–H–1189.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 20, 1975.

────◆────

John H. Marshall, Houston, Tex., for plaintiffs.

Robert J. Darden, Asst. U. S. Atty., Houston, Tex., Lawrence R. Jones, Jr., Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

*Memorandum and Order*

SINGLETON, District Judge.

This is a civil action for the refund of income taxes and assessed interest for 1968 and 1969. The original action was filed by C. L. and Margaret Griffith. Subsequently, other causes were consolidated herein, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. There being no genuine issue as to any material fact, plaintiffs C. L. and Margaret Griffith and defendant have both

filed motions for summary judgment pursuant to Rule 56.

Plaintiffs owned an undivided interest in a 600-acre tract of land in Colorado County, Texas, which contained deposits of sand, gravel, and stone. On September 9, 1967, plaintiffs granted an option to Thorstenberg Materials Company, Inc., for the extraction of the sand, gravel, and stone. As a result of tests made on plaintiffs' land Thorstenberg exercised its option for the extraction of such materials from 165 acres of plaintiffs' land. The plaintiffs and Thorstenberg executed an agreement labeled as a "deed of sale." This agreement purported to convey all of the sand, gravel, and stone in the described tract for which the plaintiffs would receive $5,000 as an annual minimum payment payable on a monthly basis. The agreement also fixed a per unit price for the materials removed and obligated Thorstenberg to pay plaintiffs an additional amount if the per unit price exceeded the minimum payment. The advance payment was to be applied against total production. Furthermore, any materials not removed within twelve years would revert to the taxpayers and all obligations of the parties would cease.

The plaintiffs contend such an agreement was a sale of their minerals in place, while the defendant considers the transaction as a mineral lease. If the agreement constituted a sale of the minerals in place, payments received for the sand, gravel, and stone extracted from plaintiffs' land were proceeds from the sale of capital assets and were taxable as capital gains. Int.Rev.Code of 1954 § 1201(b), 26 U.S.C. § 1201(b) (1970). On the other hand, if the agreement was a mineral lease, such payments were taxable as ordinary income subject to an allowance for depletion. This court concludes that the agreement between the taxpayers and Thorstenberg constituted a mineral lease and that summary judgment should be granted for the defendant.

In determining whether the agreement constituted a sale or a lease, the labels used by the taxpayers in describing the transaction are not determinative. A reading of the cases in this circuit reveal that such denominations have not been given "paramount effect," as plaintiffs allege. On the contrary, labeling the agreement as a "sale" and the parties as "grantor" and "grantee," while relevant, cannot be used to disguise the "essential character" of the transaction. *Vest v. Commissioners of Internal Revenue*, 481 F.2d 238 (5th Cir. 1973); *Rutledge v. United States*, 428 F.2d 347 (5th Cir. 1970). While parties may enter into an agreement designed to reduce taxes, the capital gains provisions of the Internal Revenue Code must be "narrowly construed so as to protect the revenue against artful devices." *Commissioners of Internal Revenue v. P. G. Lake*, 356 U.S. 260, 78 S.Ct. 691, 2 L. Ed.2d 743 (1958).

To determine the true nature of the agreement, the "economic interest test" must be applied. *Palmer v. Bender*, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489 (1933). The applicability of this test outside of oil and gas leases has been repeatedly affirmed. *Wood v. United States*, 377 F.2d 300 (5th Cir. 1967), *cert. denied*, 389 U.S. 977, 88 S. Ct. 465, 19 L.Ed.2d 472 (1967); *Rutledge v. United States, supra.* If the agreement results in the taxpayer retaining an economic interest in the minerals, then there was no sale of the minerals in place. The requisite economic interest is retained if (1) the taxpayer has acquired by investment an interest in the minerals in place and (2) he then looks to the extraction of the minerals for the return of his capital. *Commissioners of Internal Revenue v. Southwest Explor. Co.*, 350 U.S. 308, 314, 76 S.Ct. 395, 100 L.Ed. 347 (1956).

It is the second part of the economic interest test that is in issue here. Relying heavily on *Crowell Land & Min. Corp. v. Commissioners of Internal Rev-*

*.enue,* 242 F.2d 864 (5th Cir. 1957), plaintiffs stress the intent of the parties to enter into a sale. The *Crowell* decision, however, must be considered in light of the Fifth Circuit's later decisions which have emphasized the "economic realities of the case" and have critized the *Crowell* decision. *See, e. g., Wood v. United States, supra* at 310–11, and *Rutledge v. United States, supra* at 352.

As the court noted in *Wood,* "the critical consideration is whether payment is dependent upon extraction, not the method by which that payment is calculated." 377 F.2d at 306. In *Wood,* the minimum payment was considered merely an advancement for future payments and not a payment which is independent of extraction. Plaintiffs here have only sold the right to extract an undetermined quantity of minerals and not the minerals themselves.

Furthermore, the provision for the reversion to "grantor" of all minerals not extracted is a characteristic of a mineral lease and not a sale. Such a provision results in the taxpayers' return being dependent upon the amount extracted. The taxpayers have an economic interest in the removal of as much of the minerals as possible. *See Rose v. Commissioners,* 56 T.C. 185 (1971).

The current trend is to recognize the substance of an agreement and to find a retained economic interest where there has been no complete cashing-in of an investment and where the "grantor" has not completely parted with his interest in the minerals in place. *Vest v. Commissioners of Internal Revenue, supra* at 243.

It follows, therefore, that the agreement between plaintiffs and Thorstenberg was, for tax purposes, a mineral lease and that proceeds from such an agreement were ordinary income. Defendant's motion for summary judgment should be granted.

It is so ordered.